UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM WALLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06CV42(HEA) |
| | ) |
| CHUCK DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, ORDER AND MEMORANDUM**

This matter is before the Court upon the application of William Walls (registration no. 501601 ), an inmate at the Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.67. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

1

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $33.37, and an average monthly account balance of $4.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.67, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Chuck Dwyer, Darlene Wansing, and Sarah Kesselring.

Briefly, it appears that plaintiff was able to

3

accumulate at least $2,125 in his "inmate savings account." At various times, plaintiff withdrew the money from his "inmate savings account" and purchased $2,125 in United States Savings Bonds (Savings Bonds). Plaintiff intended for the Savings Bonds to be sent to his sister, Rhonda M. Walls, so that she could retain counsel to represent plaintiff. Plaintiff states that he specifically instructed defendant Kesselring not to deposit the Savings Bonds into his "spendable inmate account." Contrary to plaintiff's instructions, however, the Savings Bonds were deposited into plaintiff's "spendable inmate account."

Plaintiff alleges that on February 1, 2004, defendants Dwyer, Wansing, and Kesselring notified the Missouri Attorney General's Office that plaintiff had a substantial sum of money in his "spendable inmate account" that might be subject to confiscation under Missouri's Incarceration Reimbursement Act (MIRA), Missouri Revised Statutes §§ 217.825 - 217.841. Plaintiff claims that the defendants actions violated his right to due process of law. Specifically, plaintiff claims that the defendants' actions (failing to follow his instructions and notifying the Attorney General's Office) were not in accordance with the published policies and procedures of the Missouri Department of Corrections (MDPC).

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The net economic effect of the transactions allegedly taken by the defendants was to move $2,125 dollars from plaintiff's "inmate savings account" to plaintiff's "spendable inmate account." Clearly, this was not the result plaintiff desired, but moving the funds from one of plaintiff's accounts to another of plaintiff's accounts did not deprive plaintiff of the funds - it merely changed the pocket in which the funds were being held. Because plaintiff was not deprived of his property by these transactions, these allegations do not rise to the level of a due process claim.

Plaintiff's allegation that the defendants improperly notified the Attorney General's Office that the funds might be subject to confiscation under MIRA also fails to state a due process claim. Assuming for the sake of argument, that notice to the Attorney General's Office was not made in accordance with MDOC policies and procedures, the mere failure of the defendants to strictly follow MDOC policies and procedures does not rise to the level of a due process violation. *See Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993) (violation of state law does not state a claim under § 1983); *Meis v. Gunter*, 906 F.2d 364, 368-69 (8th Cir. 1990).

The Court notes that MIRA provides for a pre-deprivation proceeding before a state court before inmate funds can be confiscated. *See* Mo. Rev. Stat. § 217.835. Plaintiff does not allege that the Attorney General's Office failed to follow these procedures with respect to any confiscation of his funds. Based on the foregoing, plaintiff's complaint fails to state a claim that his due process rights were violated.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 8th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**